UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| STEVEN RONALD HONMA, | ) | CASE NO. CV 15-3332-PJW |
| Petitioner, | ) | |
| v. | ) | MEMORANDUM OPINION AND ORDER DENYING PETITION AND DISMISSING ACTION WITH PREJUDICE |
| STATE OF CALIFORNIA, | ) | |
| Respondent. | ) | |

## I.
## INTRODUCTION

Petitioner, a state prisoner, filed this Habeas Corpus Petition pursuant to 28 U.S.C. § 2254, alleging that he was denied a fair trial due to the trial court's mishandling of the voir dire. Respondent moved to dismiss the Petition on the ground that it was untimely. Petitioner opposed the motion. For the following reasons, the motion is granted and the Petition is dismissed.

## II.
## SUMMARY OF PROCEEDINGS

A.  <u>State Court Proceedings</u>

In February 2012, Petitioner was found guilty by a jury in Los Angeles County Superior Court of voluntary manslaughter and sentenced

to 21 years in prison.  (Petition at 2.)  He appealed to the California Court of Appeal, which affirmed the conviction and sentence in June 2013.  (Petition at 5.)  He then filed a petition for review in the California Supreme Court, which was denied on October 2, 2013. (Petition at 5.)

      B.    <u>Federal Court Proceedings</u>

On April 30, 2015, Petitioner, proceeding pro se, filed a Habeas Corpus Petition in this court, pursuant to 28 U.S.C. § 2254.[1] (Petition at 3-6.)  Respondent moved to dismiss the Petition on the ground that it was late.  Petitioner opposed the motion.

III.

DISCUSSION

State prisoners seeking to challenge their state convictions in federal habeas corpus proceedings are subject to a one-year statute of limitations.  28 U.S.C. § 2244(d).  Petitioner's conviction became final on December 31, 2013--90 days after the state supreme court denied review and the time expired for him to file a petition for writ of certiorari in the United States Supreme Court.  *See*, *e.g.*, *Brambles v. Duncan*, 412 F.3d 1066, 1069 (9th Cir. 2005).  Accordingly, the statute of limitations expired one year later, on December 31, 2014. *Id.*  Petitioner filed the Petition on April 30, 2015, 119 days late. As such, it is subject to dismissal.

Petitioner disagrees.  He argues that the statute of limitations should not have begun to run until March 27, 2014, when the California Supreme Court issued its decision in *People v. Black*, 58 Cal.4th 912

---

[1] The Petition was received by the clerk's office on April 30, 2015, but not stamped "filed" until May 5, 2015.  The Court will use the April 30 date as the filed date for purposes of this motion.

2

1  (2014), because, when the court denied his petition for review in
2  October 2013, it denied it "without prejudice to any relief to which
3  defendant might be entitled after this court decides *People v. Black.*"
4  (Objection at 2-4, 7 & Exh. 1.)  In Petitioner's view, this language
5  meant that his conviction was not final until the court decided *Black*.
6      This argument is rejected.  Despite the fact that the supreme
7  court left open the possibility that Petitioner could seek further
8  relief following its decision in *Black*, that did not cause the court's
9  decision in Petitioner's case to be less than final.  *See, e.g.*,
10 *Thompson v. Lea*, 681 F.3d 1093, 1094 (9th Cir. 2012) (noting
11 petitioner's conviction became final 90 days after the California
12 Supreme Court denied his petition for review, despite the court's
13 ruling that the denial was "without prejudice to any relief to which
14 defendant . . . might be entitled" pending the outcome of other
15 cases); *Blanco v. Diaz,* 2013 WL 1859085, at *2 (C.D. Cal. Mar. 19,
16 2013), *adopted by* 2013 WL 1858917 (C.D. Cal. May 1, 2013) ("The
17 California Supreme Court's 'without prejudice' language d[oes] not
18 extend or otherwise affect the date on which direct review of
19 petitioner's conviction became final for purposes of 28 U.S.C.
20 § 2244(d)(1)(A).") (citation omitted).
21     Petitioner contends that he is entitled to the benefit of the
22 "mailbox rule."  (Objection at 4.)  Under the mailbox rule, prisoner
23 pleadings are deemed filed on the date the prisoner delivers them to
24 prison staff for mailing.  *Hernandez v. Spearman*, 764 F.3d 1071, 1074
25 (9th Cir. 2014).  But Petitioner did not deliver his Petition to
26 prison staff for mailing.  Instead, he sent it to his wife, who mailed
27 it to the court in April 2015.  (Objection at 4-6; and Envelope
28 Containing Petition Received By Court.)  Because Petitioner did not

mail the Petition through the prison mail system, he is not entitled to the benefit of the mailbox rule. *See Hernandez*, 764 F.3d at 1074-75 (noting mailbox rule does not apply to cases "in which a prisoner gives a petition to a third party who is not confined in prison for filing through regular channels[.]") (citation omitted).[2]

Petitioner complains that the prison was not properly logging legal mail at the time he was preparing the Petition, which is why he had his wife assist "with the writing and processing of the . . . Petition." (Objection 5.) Even were that true and even were the Court to accept that he was forced to mail it to his wife who would then mail it to the court, it would still be 64 days late.

Petitioner argues that he is entitled to tolling because he did not learn about the California Supreme Court's decision in *Black* until October 1, 2014. (Objection at 10.) He blames this on the fact that he had only limited access to the prison law library during that period. (Objection at 8-11.) The Court finds this argument without merit. To begin with, as explained above, the state supreme court's decision in *Black* had no impact on the federal statute of limitations. Second, *Black* was decided on March 27, 2014. Petitioner had access to the law library through the first week of April 2014, and was using

---

[2] Petitioner's Objection injects some confusion into the issue of whether his wife mailed the Petition to the court. (Objection at 4-6.) But, as Respondent points out, the prison mail log shows that Petitioner did not send anything to the court during the relevant period. (Motion to Dismiss at 3-4.) Respondent also points out that Petitioner was being housed in California City in Kern County when the Petition was filed and the envelope that the Petition was mailed in was postmarked Murrieta, a town in Riverside County. (Motion to Dismiss at 4; Envelope Petition was Mailed to Court In.) Regardless, even were the Court inclined to grant Petitioner the benefit of the mailbox rule and assume that he had delivered the Petition to prison staff on March 5, 2015, the day he signed it, the Petition would still be 64 days late.

4

Lexis Nexis to check to see if *Black* had been decided. (Objection at 8.) Thus, he should have known about it then and the fact that he did not was not due to not having access to the law library. Third, assuming that he was not aware of the decision in *Black* until October 1, 2014, he still had three months to file the Petition.

Finally, the fact that Petitioner was unaware of the court's ruling in *Black* until six months after it was issued is not an extraordinary circumstance warranting tolling. Petitioner is no different than most prisoners who, like him, have little understanding of the law and the habeas process. Despite these shortcomings, most prisoners are able to navigate the system and file on time. Because the difficulties Petitioner outlines are not extraordinary but are, in fact, very ordinary, he is not entitled to equitable tolling. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding prisoner's "ignorance of the law" and "lack of legal sophistication" are not extraordinary circumstances warranting equitable tolling).

Petitioner complains that he was denied adequate access to the prison law library from September 2014 through February or March 2015. (Objection at 10-11.) Petitioner, however, does not allege that he was prevented from using the library completely. Here, again, the Court concludes that the ordinary incidents of prison life, such as being denied library access for brief intervals, are not extraordinary circumstances justifying tolling of the statute of limitations. *See Ramirez v. Gates*, 571 F.3d 993, 998 (9th Cir. 2009) ("We have little difficulty determining that [petitioner] is not entitled to equitable tolling . . . simply because he remained in administrative segregation and had limited access to the law library and copy machine." (internal quotations and brackets omitted)).

Petitioner contends that he is entitled to equitable tolling because he was transferred in June 2014 and did not have access to his legal papers for 85 days--from June 11, 2014 to September 3, 2014. (Objection at 9-10.)  To qualify for equitable tolling on this ground, however, Petitioner would have to show that his inability to access his legal papers caused him to file late. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (holding prisoner must show that extraordinary circumstances were the cause of his untimeliness to warrant equitable tolling).  That is not the case here.  As Petitioner points out in his brief, he was operating under the assumption that his case was not final until the state supreme court issued its decision in *Black*, which Petitioner learned of in October 2014.  Thus, the fact that he did not have access to his papers from June to September 2014 was not the cause of his untimeliness and, therefore, does not support a claim for equitable tolling.  Nevertheless, even assuming, without deciding, that Petitioner was entitled to tolling for this 85-day period, *see*, *e.g.*, *Lott v. Mueller*, 304 F.3d 918, 924 (9th Cir. 2002) (holding denial of access to legal files during prison transfers for total of 82 days constituted extraordinary circumstance entitling prisoner to equitable tolling), his Petition would still be 34 days late.  As such, equitable tolling does not save the Petition.[3]

Finally, though Petitioner does not claim to be innocent, the Court has *sua sponte* considered the issue of actual innocence, which could serve as a basis to overlook the late filing.  In order to

---

[3] The Court recognizes that if both the mailbox rule and equitable tolling applied, the Petition would be timely.  But, as the Court has set forth above, the mailbox rule does not apply and Petitioner's attempt to blame the late filing on his lack of access to his files is undermined by his argument that he was waiting for *Black* to be decided before he filed the Petition.

qualify for this exception, however, a petitioner "must produce sufficient proof of his actual innocence to bring him within the narrow class of cases . . . implicating a fundamental miscarriage of justice." *Lee v. Lampert*, 653 F.3d 929, 937 (9th Cir. 2011) (en banc) (internal quotation marks omitted). Petitioner has made no such showing here. As a result, he does not qualify for the actual innocence exception.

## IV. CONCLUSION

For these reasons, the petition is denied and the action is dismissed with prejudice. Further, because Petitioner has not made a substantial showing of the denial of a constitutional right, he is not entitled to a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see also* Fed. R. App. P. 22(b).

IT IS SO ORDERED.

DATED: April 25, 2016

*[signature: Patrick J. Walsh]*

PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-State Habeas\HONMA, S 3332\Memorandum Opinion and Order.wpd